724 So.2d 1268 (1999)
A.H., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2397
District Court of Appeal of Florida, First District.
February 5, 1999.
*1269 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Sherri Tolar Rollison and Trisha E. Meggs, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
This is an appeal from an order adjudicating appellant a delinquent child and deviating from the placement recommended by the Department of Juvenile Justice. Appellant argues that the reasons for disregarding the recommended restrictiveness level are not supported by sufficient evidence. We reverse the order, because the reasons given for the deviation arising from the judge's finding that appellant was a member of a criminal street gang are not substantiated by a preponderance of the evidence. See R.D.S. v. State, 696 So.2d 1188, 1189 (Fla. 1st DCA 1997) ("In order to disregard such a recommendation, the court's reasons must be supported by a preponderance of the evidence.").
Although the trial judge provided numerous valid reasons for disregarding the department's low risk placement recommendation and instead imposed confinement in a high risk program, we find insufficient evidentiary support for the reasons that appellant "is an active, aggressive member of a criminal gang," that he was suspended from school for "recruiting gang members," and that he was a danger to society because of his "activities with a criminal gang." While evidence was presented that appellant was involved in a gang or gangs, that he had been suspended from high school for recruiting gang members, and that he had originally been arrested for spray-painting gang-related graffiti on school property, we nonetheless conclude that the evidence did not rise to the level of proof required by the applicable statutes.
Subsection 985.23(2)(a), Florida Statutes (1997), states that the determination of whether a juvenile is a member of a criminal street gang "shall be made pursuant to chapter 874." Chapter 874 is the "Criminal Street Gang Prevention Act of 1996," and it provides definitions for "criminal street gang" and "criminal street gang member." Specifically, a criminal street gang is a group of three or more persons "that has as one of its primary activities the commission of criminal or delinquent acts." § 874.03(1), Fla. Stat. (1997). A criminal street gang member is one "who is a member of a criminal street gang as defined in subsection (1)" and who meets at least two of the eight listed criteria. § 874.03(2), Fla. Stat. (1997).
Because the legislature has tied the level of proof necessary for the court's consideration of a juvenile's status as a member of a criminal street gang under section 985.23 to chapter 874, it cannot be said that the "gang" reasons assigned by the trial judge met this exacting standard. There was no evidence regarding the gang or gangs that appellant was alleged to be a member of or recruiting for, and there was insufficient evidence that appellant satisfied two of the eight criteria listed under the definition of criminal street gang member. Thus, the evidence submitted was insufficient under both chapter 874 and section 985.23, and additional proof of gang membership was required. If we were to hold otherwise, the effect would be to allow deviation from the recommended placement based on evidence that fails the standard established by statute.
Section 985.23(3)(b) provides that "[i]f the court has determined that the child was a member of a criminal street gang, that determination shall be given great weight in identifying the most appropriate restrictiveness level for the child." Under the circumstances, we are unable to determine whether the trial judge would have reached the same conclusion regarding the appropriate restrictiveness level in the absence of a finding that appellant was a gang member. We therefore reverse and remand the case for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ERVIN, MINER and ALLEN, JJ., CONCUR.